**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| PATRICIA TIPTON,<br>Plaintiff,<br>v.<br>MICHAEL'S STORES, INC. and TARA JEAN SEIGLER WILSON,<br>Defendants. | Civil Action No.<br>1:25-cv-07378-SDG |

**OPINION AND ORDER**

This case is before the Court on four motions: Defendants Michael's Stores Inc. and Tara Jean Seigler Wilson's motion to dismiss Wilson for fraudulent joinder [ECF 2]; Plaintiff Patricia Tipton's motion to remand [ECF 10]; Tipton's motion to add a party defendant and amend the complaint [ECF 20]; and the parties' joint motion to stay [ECF 52]. For the following reasons, Defendants' motion to dismiss [ECF 2] is **GRANTED**. Tipton's motion to remand [ECF 10] and motion to add a party defendant and amend the complaint [ECF 20] are **DENIED.** The motion to stay [ECF 52] is **GRANTED** as to the request for an extension of discovery, and the remainder of the motion is **DENIED as moot**.

## I. BACKGROUND

On October 19, 2024, Tipton was struck by a sliding door at a Michael's retail location in Marietta, Georgia.[1] As a result, Tipton suffered "trauma to her head,

[1] ECF 1-1, ¶¶ 7–8.

post-concussion symptoms, vision problems, one or more orthopedic injuries, and/or other serious injuries."[2] At the time of the incident, Tipton and Wilson were citizens of Georgia, and Michael's was a citizen of Texas and Delaware.[3]

On November 11, 2025, Tipton filed her complaint in state court, asserting claims against Michael's and Wilson (a manager at the store where Tipton was injured) for negligence, damages, and attorney's fees.[4] On December 24, Michael's and Wilson removed the action to this Court on the basis of diversity jurisdiction.[5] Shortly after, on December 29, Michael's and Wilson filed a motion to dismiss Wilson from the lawsuit on the ground that Wilson was fraudulently joined by Tipton.[6] On January 19, 2026, Tipton filed a motion to remand to state court, arguing that Wilson was not fraudulently joined and that the Court lacks diversity jurisdiction over this case.[7] On February 20, Tipton filed a motion to add a party and amend her complaint, seeking to add Myra Lowery, another Michael's

---

2 *Id.* ¶ 9.

3 *Id.* ¶¶ 1–3; ECF 1, ¶ 11.

4 ECF ¶¶ 1–3.

5 ECF 1.

6 ECF 2.

7 ECF 10.

employee and citizen of Georgia, as a Defendant.[8] The motions have been briefed by the parties and are ripe for resolution.

The jurisdictional issues in this case are two-fold: the inclusion of both Wilson and Lowery as Defendants to this lawsuit would defeat this Court's diversity jurisdiction since they are both citizens of Georgia. The Court will first address whether Tipton fraudulently joined Wilson as a Defendant prior to removal, before turning to Tipton's post-removal request to add Lowery as a Defendant.

## II. DEFENDANTS' MOTION TO DISMISS AND TIPTON'S MOTION TO REMAND

Resolution of Defendants' motion to dismiss and Tipton's motion to remand both hinge on whether Wilson was fraudulently joined. Accordingly, the Court analyzes the motions together.

### A. Legal Standard

"[W]hen an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts are courts of limited jurisdiction. District courts have diversity jurisdiction over civil

---

8 ECF 20.

actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332.

Diversity jurisdiction requires complete diversity—"[t]hat is, diversity jurisdiction does not exist unless each defendant is a citizen of a different state from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). However, defendants may remove actions where complete diversity does not exist if they can show that the resident defendant was fraudulently joined. The doctrine of fraudulent joinder applies "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). When this occurs, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand. *Id.*

The removing party bears the "heavy burden" of establishing fraudulent joinder. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). It must prove "by clear and convincing evidence 'that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal,

supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

While the standard of review is "similar to that used for ruling on a motion for summary judgment" because the Court can examine evidence beyond the pleadings, it is not the same:

> When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

*Crowe*, 113 F.3d at 1538 (internal citation omitted). Further, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez*, 139 F.3d at 1380.

Similarly, all questions of fact must be resolved in the plaintiff's favor. *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005). However, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id*. In other words, when the defendant presents affidavits or deposition transcripts that are undisputed by the plaintiff, "the court cannot then resolve the facts in the plaintiff's favor based solely on the unsupported allegations in the plaintiff's complaint." *Id*. (cleaned up). Rather, the plaintiff generally must come

forward with some evidence to dispute the sworn testimony submitted by the defendant. *See Shannon v. Albertelli Firm, P.C.*, 610 F. App'x 866, 871 (11th Cir. 2015) (citing *Legg*, 428 F.3d at 1323–25). In fact, a court can abuse its discretion by failing to consider proper sworn testimony by either party when resolving a question of fraudulent joinder. *Id*.

**B. Discussion**

Defendants assert that Wilson was fraudulently joined because Tipton cannot establish even the possibility of a claim for relief against her.[9] The Court evaluates the negligence claim against Wilson under Georgia law. *Crowe*, 113 F.3d at 1539. "The threshold issue in any cause of action for negligence is whether, and to what extent, the defendant owes the plaintiff a duty of care." *City of Rome v. Jordan*, 263 Ga. 26, 27 (1993). To owe a duty in a premises liability action, the defendant must qualify as "an owner or occupier" of the subject premises. O.C.G.A. § 51-3-1. Under Georgia law, store managers are neither owners nor occupiers of the premises and cannot be held liable under O.C.G.A. § 51-3-1, as a matter of law. *Adams v. Sears, Roebuck & Co.*, 227 Ga. App. 695, 697 (1997). However, some courts in this district analyzing fraudulent joinder have held that an individual who has "supervisory control" over the subject premises at the time the plaintiff's injury occurred may be an "owner or occupier" for purposes of

---

9 ECF 2-1, at 8.

O.C.G.A. § 51-3-1. *Poll v. Deli Mgmt., Inc.*, No. 1:07-CV-0959-RWS, 2007 WL 2460769, at *4 (N.D. Ga. Aug. 24, 2007) ("[T]he weight of the Georgia cases recognizes that liability under O.C.G.A. § 51-3-1 may also be established where the individual had supervisory control over the subject premises at the time of injury."); *Otey v. AMC Ent. Holdings, Inc.*, No. 1:24-CV-00184-TWT, 2024 WL 1468342, at *3 (N.D. Ga. Apr. 4, 2024) ("[T]here is Georgia case law that recognizes that a certain level of supervisory control can create liability under O.C.G.A. § 51-3-1.").

The Court concludes that Defendants have met their burden to show that Wilson was fraudulently joined. The pleading repeatedly groups both Defendants together, alleging that they "knew, or should have known, of the existence and hidden peril of the malfunctioning automated door" and "breached their duties of care and failed to exercise ordinary care to prevent injuries to invitees upon the premises."[10] Beyond such conclusory allegations, there are no facts indicating Wilson's role at the store or how she had supervisory control over it when Tipton was injured. Indeed, Tipton's complaint wholly fails to allege that Wilson had any supervisory control whatsoever.[11] Rather, Tipton's sole specific allegation about

---

10 ECF 1-1, ¶¶ 21, 27.

11 *Id.*

Wilson is that she was a manager.[12] That's not enough. *See, e.g.*, *Joy v. Wal-Mart Stores E., L.P.*, No. 1:20-CV-04309-WMR, 2021 WL 2562146, at *4 (N.D. Ga. Mar. 23, 2021) ("Therefore, as the sole employer, only [corporate defendant] had the legal duties upon which Plaintiff relies to state her claims. Merely accepting employment . . . does not subject Georgia residents to potential personal liability for any and all personal injuries which occur on the subject premises."). Tipton has not alleged any facts suggesting that Wilson had supervisory control over the premises such that Wilson was an owner or occupier who could be found personally liable for negligence under Georgia law.

Nor has Tipton countered the evidence submitted by Defendants. Wilson submitted an affidavit attesting that she was the "customer experience manager" and that she was "not responsible for store maintenance and/or prevention of incidents involving the automatic sliding door."[13] Tipton disputes this, arguing that "the entrance to the property is undoubtedly part of the 'customer experience' of which [Wilson] admits to being a manager of."[14] But Tipton failed to present evidence that contradicts Wilson's sworn testimony or establishes that Wilson had any supervisory control or responsibility over the store or the operation of the door

12 *Id*. ¶ 3.

13 ECF 2-2, ¶ 4.

14 ECF 9, at 7 n.3.

that injured Tipton. Instead, Tipton merely relies on the conclusory allegations in her complaint to argue that Wilson managed the store and thus had dominion over the operation of the door.[15] Tipton cannot rely on the bare allegations of the complaint in the face of sworn testimony that Wilson had no responsibility for inspecting or maintaining the door that caused Tipton's injury. *Shannon*, 610 F. App'x at 871; *Legg*, 428 F.3d at 1323–25; *Snadon v. SEW-Eurodrive Inc.*, 421 F. Supp. 3d 1360, 1368 (N.D. Ga. 2019).

The Court notes that other judges in this district have ruled against a finding of fraudulent joinder on the basis that store employees *could* have a level of supervisory control over the premises that may subject them to liability. *Poll*, 2007 WL 2460769, at *4–*7; *Otey*, 2024 WL 1468342, at *3–*4. However, those cases noted that Georgia case law had extended this negligence liability to employees specifically charged with maintenance duties, like maintenance contractors, security personnel, and property managers. *Poll*, 2007 WL 2460769, at *4–*5. Tipton fails to present any evidence suggesting that Wilson exercised any supervisory control over the premises in the same way that maintenance workers, security personnel, or property managers would. Further, in factually similar cases where other judges have ruled against a finding of fraudulent joinder, they relied on their

15 ECFs 9, 10-1.

lack of knowledge at the pleading stage as to the employees' role or supervisory control over the premises, reasoning that "[a]t the very least . . . the fact-intensive 'control' inquiry required [under Georgia law] . . . confirm[s] that some uncertainty exists as to whether a store manager, alleged to be in possession and control of the premises where an injury occurred, may be held liable as either an 'owner or occupier' under O.C.G.A. § 51-3-1 . . . . That uncertainty is enough to require remand." *Id.* at *7. However, Wilson has presented evidence that she had no control over the premises or the door—evidence that Tipton has failed to refute with her own evidence. Accordingly, considering Tipton's allegations and the record in this case, the same uncertainty as to the manager's roles and duties relied upon by these other cases does not exist here.

Wilson was fraudulently joined. As a result, her presence is ignored, there is complete diversity between Michael's and Tipton, and this Court has jurisdiction. Accordingly, Defendants' motion to dismiss is granted, and Tipton's motion to remand is denied. *See Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) ("[I]t is appropriate for a federal court to dismiss . . . a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant.").

## III. TIPTON'S MOTION TO ADD PARTY DEFENDANT AND AMEND COMPLAINT

### A. Legal Standard

Because Tipton filed her motion to amend after Defendants timely removed the case, and because the proposed amendment would eliminate the Court's jurisdiction, the Court applies 28 U.S.C. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.*; *see also Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) ("Because section 1447(e) was applicable here, the district court was left with only two options: (1) deny joinder; or (2) permit joinder and remand Ingram's case to state court."); *Smith v. White Consol. Indus.*, 229 F. Supp. 2d 1275, 1278 (N.D. Ala. 2002) ("What the court cannot do [under § 1447(e)] is allow an amendment that destroys federal jurisdiction and exercise jurisdiction over the case.").

"Courts have regularly held that the liberal amendment standard in Rule 15 must yield to the more specific rule governing joinder after removal in Section 1447(e)." *Liberacki v. Kroger Co.*, No. 1:13-CV-00059-JCF, 2013 WL 12061882, at *2 (N.D. Ga. Apr. 18, 2013) (citation omitted); *see also Ascension Enters., Inc. v. Allied Signal, Inc.*, 969 F. Supp. 359, 360 (M.D. La. 1997) ("Thus, § 1447(e) trumps Rule 15(a)."). The Court must "scrutinize more closely an amended pleading that would

name a new nondiverse defendant in a removed case because justice requires that the district court also balance the defendant's interests in maintaining the federal forum." *Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018); *see also Reyes v. BJ's Rest., Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019).

Ultimately, "the decision to join a non-diverse party is within the discretion of the court." *Johnson v. Lincoln Harris, LLC*, No. 1:15-CV-3979-WSD, 2016 WL 2733425, at *2 (N.D. Ga. May 10, 2016); *see also* 14C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3739.1 (rev. 4th ed. 2018) ("Thus, the statute, as amended, leaves the joinder issue to the discretion of the district court."). However, the Court's discretion "does not imply that § 1447(e) amendments should be granted as a matter of course." *Sexton v. Progressive Preferred Ins. Co.*, No. 4:09-CV-0102-HLM, 2009 WL 10664783, at *2 (N.D. Ga. July 28, 2009) (citation omitted). When considering such proposed amendments, the Eleventh Circuit has applied the four-factor balancing test articulated by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). The Court should weigh:

> (1) the plaintiff's motive for seeking joinder; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other relevant equitable considerations.

*Reyes*, 774 F. App'x at 517; *see also Dever*, 755 F. App'x at 869.

### B. Discussion

#### 1. Tipton's Motive for Seeking Joinder

Tipton's motivation for seeking joinder seems primarily, if not solely, based on defeating federal diversity jurisdiction. For starters, Tipton only sought to add Lowery as a Defendant after removal and after Defendants challenged Wilson's joinder in their motion to dismiss. Specifically, Tipton states that Defendants, in their motion to dismiss, "denied that [Wilson] was responsible for the premise[s] in this action on the date of the incident because she was not the store manager. Consequently, plaintiff is now moving the Court for permission to add the store manager, Myra Lowery."[16] Wilson and Lowery were coworkers—it is hard to conceive of how a claim against Lowery would fare any better than the one against Wilson. Moreover, Tipton unsuccessfully recycles an argument from her motion to remand in asserting that Lowery can be joined as a defendant because "Georgia law contemplates recovery against store managers."[17] This first factor weighs against Tipton's motion.

#### 2. The Timeliness of Tipton's Request to Amend

Tipton's suspect timing in seeking to join Lowery also weighs heavily against the motion to amend. Tipton is seeking leave to amend only after

---

[16] ECF 20, at 5.

[17] *Id.* at 7.

Defendants challenged Wilson as having been fraudulently joined (and supplied supporting evidence), Tipton herself sought remand, and briefing on both the motion to dismiss and motion to remand had been completed by the parties.[18] Moreover, Michael's has submitted sworn testimony from Lowery that she identified herself as the store manager while leaving a voicemail for Tipton and her family shortly after Tipton's injury.[19] Tipton was thus aware of Lowery's existence when filing the original complaint.

### 3. Whether Tipton Will Be Significantly Injured if Amendment Is Not Permitted

Tipton asserts that she will be prejudiced if she is not allowed to join Lowery as a defendant because she has the right to pursue her claims against all relevant parties.[20] But, as discussed, other courts in this district have held that store employees can only be held liable for negligence if they exercise some kind of supervisory control over the premises. While Tipton attaches a proposed amended complaint to her motion, this proposed amendment fails to make any specific allegations against Lowery and asserts only conclusory allegations that "Defendants" and "Defendant Managers" had dominion over the store and the

---

18 ECFs 2, 2-2, 10, 20.

19 ECF 26-2, ¶¶ 8–9.

20 ECF 20, at 8.

door in question.[21] These vague and nonspecific allegations fail to plausibly allege supervisory control or any liability on Lowery's part. Further, Tipton has failed to show how Lowery being excluded from this case would hinder Tipton's case against Michael's. Accordingly, this third factor weighs against granting Tipton's motion.

**4. Other Relevant Considerations**

Lastly, courts in this circuit have stated that, "[i]n balancing the equities, the parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum. Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." *Smith*, 229 F. Supp. 2d at 1282 (citation omitted). Specifically,

> [d]iversity jurisdiction and the right of removal exist to give non-resident defendants the right to litigate in an unbiased [forum]. Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist.

*Id.* Here, this policy favors Michael's, since granting Tipton's motion to amend would deprive Michael's of its right to litigate in a federal forum.

---

21 ECF 20-1.

* * * *

The Court finds that all four *Hensgens* factors weigh against permitting amendment. Accordingly, Tipton's motion to add a party defendant and amend the complaint is denied.

## IV. CONCLUSION

Tipton's motion to remand [ECF 10] and motion to add a party defendant and amend the complaint [ECF 20] are **DENIED**. Defendants' motion to dismiss [ECF 2] is **GRANTED**. The Clerk of Court is **DIRECTED** to **DISMISS** Defendant Wilson from this case.

The joint motion to stay [ECF 52] is **GRANTED** as to the request for an extension of discovery and **DENIED as moot** to the extent the parties sought to stay these proceedings. Discovery will close on January 8, 2027. Dispositive motions must be filed by February 8, 2027. If a dispositive motion is not filed, the Consolidated Pre-Trial Order must be filed by February 22, 2027; otherwise, the Consolidated Pre-Trial Order will be due 30 days after the Court's ruling on all dispositive motions.

**SO ORDERED** this 30th day of September, 2026.

Steven D. Grimberg
United States District Judge